# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Angela Mattison, | ) |
|     Plaintiff, | ) C.A. No. 6:10-cv-01739-JMC |
|     v. | ) **ORDER AND OPINION** |
| Wal-Mart Stores, Inc., | ) |
|     Defendant. | ) |

This matter is before the court on Plaintiff Angela Mattison's (Ms. Mattison) Motion to Remand under 28 U.S.C. § 1447. [Doc. # 5-1]. Ms. Mattison commenced this action on June 2, 2010, when she filed a Summons and Complaint in the Court of Common Pleas of Greenville County. The Complaint alleges causes of action in negligence and premises liability. [Doc. # 1-1, at 7, 11]. Ms. Mattison alleges she slipped and fell in a puddle of liquid, injuring herself while walking through a retail store operated by Defendant Wal-Mart Stores, Inc. (Wal-Mart) on August 9, 2008. On July 2, 2010, Wal-Mart filed its Notice of Removal with this court claiming diversity jurisdiction under 28 U.S.C. § 1332. After reviewing the motions, memoranda, and applicable law, Ms. Mattison's Motion to Remand is **DENIED**.

## FACTS AND PROCEDURAL HISTORY

On June 2, 2010, Ms. Mattison filed a premises liability action against Wal-Mart in state court. Wal-Mart was served with Ms. Mattison's Complaint on June 4, 2010. In her Complaint, Ms. Mattison alleges she slipped and fell in a puddle of liquid, injuring herself while walking through

1

a retail store operated by Wal-Mart on August 9, 2008. [Doc. # 1-1, at 7, ¶6]. Ms. Mattison contends Wal-Mart was negligent in failing to maintain its premises in a safe condition by discovering, removing, and/or warning of the liquid she claims she slipped in. [Doc. # 1-1, at 8-10, ¶¶12-14]. Claiming that her fall and resulting injuries caused her to suffer damages, including an unspecified amount of "medical bills, medical treatment, emotional damages, and pain and suffering," as well as humiliation, embarrassment and loss of enjoyment of life, Ms. Mattison's Complaint includes a prayer for an unspecified amount of actual damages, punitive damages, treble damages, and attorneys fees and costs. [Doc. # 1-1, at 9-11, ¶¶13-15].

On July 2, 2010, Wal-Mart timely removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332, and it asserted that the case was also removable pursuant to 28 U.S.C. § 1441(b). Ms. Mattison filed her Motion to Remand this action to state court on July 31, 2010. Although Ms. Mattison does not dispute diversity of citizenship, she does contend that the amount in controversy requirement of $75,000.00 has not been met and that Wal-Mart has failed to make a proper showing of the jurisdictional amount for purposes of establishing diversity jurisdiction. Ms. Mattison thus argues that the court should remand her case to state court and award her attorneys' fees and costs incurred in the filing of her Motion.

## LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction. The party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when

challenged, demonstrate basis for jurisdiction). However, the United States Court of Appeals for the Fourth Circuit has not adopted a rule regarding the burden of proof on the removing party for establishing the amount in controversy. *See*, *e.g.*, *Rota v. Consolidation Coal Co.*, 1999 U.S. App. LEXIS 6125, at *5 (4th Cir. Apr. 5, 1999) (expressly declining to adopt any particular standard of proof for determining the amount in controversy). Regardless, "courts within the District of South Carolina have leaned towards requiring defendants in this position to show either to a 'legal certainty' or at least within a 'reasonable probability' that the amount in controversy has been satisfied." *Brooks v. GAF Materials Corp.*, 532 F. Supp. 2d 779, 781-82 (D.S.C. 2008), *citing Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 461 (D.S.C. 2005).

The amount in controversy is determined by considering the judgment that would be entered if Ms. Mattison prevailed on the merits of the case as it stands at the time of removal. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). When a specific amount is not specified in the complaint, "the object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy." *Cannon v. United Ins. Co.*, 352 F. Supp. 1212, 1217 (D.S.C. 1973). Furthermore, where the plaintiff has alleged an indeterminate amount of damages, courts may consider the plaintiff's claims, as alleged in the complaint, the notice of removal filed with a federal court, and other relevant materials in the record. *Crosby v. CVS Pharm., Inc.*, 409 F. Supp. 2d 665, 667 (D.S.C. 2005). According to the United States Supreme Court, where both actual and punitive damages are allegedly recoverable under a complaint, "each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). Since *Bell*, courts have continued to include claims for punitive damages when assessing whether or not the amount in controversy is satisfied for

3

purposes of establishing diversity jurisdiction. In fact, this court has held that claims for punitive damages "must be included in the calculation of the amount in controversy." *American Health and Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003). This court has also taken the same approach regarding consequential damages and attorney fees and costs. *See Thompson v. Victoria Fire & Cas. Ins. Co.*, 32 F. Supp. 2d 847 (D.S.C. 1999) (holding no dispute that amount in controversy exceeds $75,000.00 where complaint sought punitive damages, consequential damages, and attorneys' fees and costs beyond the $25,000.00 in actual damages claimed).

Ms. Mattison argues that Wal-Mart's "conclusory statement that the jurisdiction amount of this Court has been satisfied is insufficient to confer federal court jurisdiction." [Doc. # 5, at 1, ¶4]. In *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008), the Fourth Circuit established certain standards for removal notices when no specific damage amount is pled in a plaintiff's complaint, holding that a removal notice "sufficiently establish[es] jurisdictional grounds for removal by making jurisdictional allegations in the same manner" as a plaintiff's complaint alleging federal jurisdiction. While the removing defendant has the "burden of demonstrating that removal jurisdiction is proper[,] . . . this burden is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Id.* (citing *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006)). As in the instant case, the complaint at issue in *Ellenburg*, "sought actual, incidental, consequential, and punitive damages on the common law claims . . . [t]he complaint, however, stated no dollar amount . . . of damages claimed." *Id.* at 194. In *Ellenburg*, following the defendants' removal to federal court, the district court *sua sponte* remanded the case to state court on the grounds that defendant's statement in the notice of removal at issue that "(t)he value of the matter in dispute in this case, upon information and belief, exceeds the sum of Seventy

4

Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs, as it appears from the allegations contained in Plaintiff's Complaint" was "inadequate to establish that the amount in controversy exceeds the jurisdictional" requirement. *Id*. at 194. The Fourth Circuit held that the evidentiary standard applied by the district court was too high and constituted reversible error. *Id*.

Equating the requisite jurisdictional statement in a defendant's removal notice with the jurisdictional statement in a plaintiff's complaint that invokes federal jurisdiction, the Fourth Circuit cited Rule 8(a) of the Federal Rules of Civil Procedure, requiring only that a plaintiff's complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." *Id.*, Fed. R. Civ. P. 8(a). Thus, *Ellenburg* simply requires a defendant's notice of removal to parallel the jurisdictional requirements for a complaint in federal court. *Id.* Therefore, under *Ellenburg*, Wal-Mart's description of the amount in controversy set forth in Wal-Mart's Notice of Removal is sufficient to support removal to federal court.

Ms. Mattison also asserts that Wal-Mart's Notice of Removal "gives no indication of the actual damages which are likely in this case. [Doc. # 5-1, at 3]. For support, Ms. Mattison relies on *Crosby*, a case in which the court granted the plaintiff's motion because the court found that the defendants in that case "presented . . . no evidence . . . of the appropriate amount in controversy . . . ." and for that reason "[t]he court . . . [found] that it [had] no reason to doubt Plaintiffs' assertion that their claim will not exceed $75,000." *Crosby*, 409 F. Supp. 2d at 668. In this case, as will be discussed below in Part III, *infra*, Ms. Mattison made no pre-removal assertions that the amount in controversy would not exceed $75,000.00.

Consequently, removal of this case to federal court is proper because Wal-Mart met the

5

amount in controversy requirement. When viewing Ms. Mattison's Complaint and its prayer for relief, there is a reasonable probability that she could recover in excess of $75,000.00 if she were to prevail on all of her claims and requested damages in this case. Ms. Mattison's Complaint alleges she sustained various injuries "in and about various parts of her body," which "have caused the plaintiff to suffer the following damages: (a) Past and present medical expenses, (b) Past and present physical pain and suffering, (c) Future physical pain and suffering as it is reasonably certain will of necessity result, (d) Past and present emotional pain and suffering, (e) Future emotions and mental pain and suffering as it is reasonably certain will of necessity result, (f) Humiliation, (g) Embarrassment, and (h) Loss of enjoyment of life." [Doc. # 1-1, at 10, ¶14]. In addition to her claim for actual and consequential damages in an undetermined amount, Ms. Mattison's Complaint also includes a prayer for relief requesting actual damages, treble damages, punitive damages, and attorneys' fees. [Doc. # 1-1, at 12]. Even though Ms. Mattison's Complaint does not specify the exact amount of damages Ms. Mattison is claiming in this action, her request for punitive damages alone, which are properly considered for purposes of determining the amount in controversy, makes it difficult for Ms. Mattison to prove she could not possibly recover the jurisdictional limit were she to prevail at trial. *See Woodward v. Newcourt Comm. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that "[plaintiff's] claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount").

      Finally, Ms. Mattison states in her Motion, filed *after* removal, that "as of the day of filing this Motion to Remand, all known actual incurred compensatory extra contractual damages are less than $75,001.00." [Doc. # 5, at 1, ¶4]. However, this statement is insufficient to divest a federal court of jurisdiction over a properly removed matter. *See Thompson v. Victoria Fire & Cas. Co.*, 32

F. Supp. 2d 847, 849 (holding that "[t]he law is clear that post-removal events, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, do not deprive a federal court of diversity jurisdiction," (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)). Furthermore, this "court should examine the complaint at the time of removal in order to determine the amount in controversy." *Id.* at 848. In this case, Ms. Mattison did not stipulate regarding the amount in controversy prior to or at the time of removal, which occurred on July 2, 2010. Thus, any post-removal statements cannot now deprive this court of jurisdiction over a properly removed case. *See Id.* at 849.

Accordingly, removal of this action to this court was proper, and Ms. Mattison's Motion to Remand [Doc. # 5] is therefore **DENIED.** Consequently, Ms. Mattison's request for attorney's fees [Doc. # 5-1, at 3] is also **DENIED**.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

February 4, 2011
Greenville, South Carolina

7